THE GRAND RAPIDS & INDIANA RAILROAD COMPANY v. JAMES B. McMAHON, CIR-CUIT JUDGE OF OSCEOLA COUNTY.

SPECIAL APPEAL—OVERRULING OF BY CIR-CUIT COURT—VACATION OF ORDER BY MANDAMUS.

Relator applied for *mandamus* to compel the respondent to vacate an order overruling its special appeal from a justice's judgment, and enter an order reversing said judgment. An order to show cause was denied March 12, 1896.

*T. J. O'Brien,* for relator, contended:

1. That How. Stat. §§ 8024, 8025, being Act No. 165, Laws of 1875, entitled "An act to facilitate the collection of damages for trespass on or other injuries to lands," provides that in all cases where a party has a right of action for the taking of timber or other trespass to lands, whether direct or consequential, he may waive the tort and bring *assumpsit* therefor, which suit may be commenced by attachment as in other cases; that this statute is in derogation of the common law, and must be construed strictly in accordance with a familiar general rule, and for the further reason that it extends the remedy by attachment, and the statutory provisions therefor must be strictly

construed, and cannot be extended beyond their terms; citing 1 Chaney & Jac. Digest, p. 96, par. 1, and cases cited.

2. That it is conceded that as to injuries by fire to the soil and trees the plaintiff could waive the tort, and sue in *assumpsit*, but as to the damages for hay burned and expense incurred in looking after the fire, the tort could not be waived and *assumpsit* brought, either to recover said items alone or jointly with the others; that the plaintiff has a remedy for his whole demand in an action of trespass on the case.

3. That if relator is correct in this contention it was not only competent for it to make the point by demurrer to plaintiff's declaration, but proper and commendable to do so, and the demurrer should have been sustained; that demurrer to part of the demand in one count is proper; citing 1 Chitty, Pl. 696, 697; and the objection should be raised by demurrer instead of waiting to object to the evidence; citing *Rowland v. Superintendents of the Poor,* 49 Mich. 553; *Gay v. Insurance Co.,* 51 Id. 245; *Bauman v. Bean,* 57 Id. 1; *Geveke v. Railroad Co.,* 57 Id. 589.

4. That it must, on the declaration and bill of particulars, be conclusively held that the judgment appealed from included the disputed items; that there was no amendment of the declaration or bill, and the judgment was rendered upon them for the entire demand of $300.

5. That if relator is sustained in its position that tort could not be waived and *assumpsit* brought for the items named, the application for *mandamus* should be granted for the reasons:

*a*—That the demurrer was proper.

*b*—That the justice erred in overruling the demurrer, and rendering judgment for plaintiff's entire demand.

*c*—That the relator having rested on its demurrer, it was proper under How. Stat. § 6999, to take a special appeal; that the affidavit therefor sets forth objections to the process and pleadings and other proceedings which cannot be made on the trial of the general appeal; that no such trial could be had until relator interposed a plea in bar to the declaration; that by so doing it would waive its demurrer and special ground of objection; citing *Peterson v. Fowler,* 76 Mich. 262.

*d*—That while the question could have been raised on the trial of the general appeal under a plea of the general issue by objecting to the evidence, and been reviewed on exceptions and writ of error, it was proper to raise it at the outset, and insist upon it as the relator is doing in this case; that the point is definitely

made, and if it is well taken the suit should stop here, rather than be allowed to go to a trial and review upon a writ of error on questions of evidence.

6. That if this Court hold that the tort could be waived and *assumpsit* brought for the disputed items, it will be the end of the question in this case; that if the Court hold to the contrary, the relator would seem to be pursuing the proper remedy; citing *Fowler v. Hyland*, 48 Mich. 179; *Sager v. Shutts*, 53 Id. 116; *Freer v. White*, 91 Id. 74.

7. That this case is distinguishable from *Stevens v. Harris*, 99 Mich. 230, where it was held that an objection that the justice erred in holding, against the objection of the defendant, that the plaintiff's declaration was sufficient in law, cannot be raised by special appeal; that the ground of relator's objection, as appears from the face of the declaration, goes to the jurisdiction of the justice; that such a case comes within the statute allowing special appeals; that the nature of the objection in *Stevens v. Harris* does not appear in the report of the case, or whether or not it went to the jurisdiction of the justice; that apparently it did; that it also appears that the objection was withdrawn.

The facts as shown by the petition for *mandamus* were:

1. That on October 26, 1895, Isaac F. Kinney sued relator in justice's court in an action of trespass on the case upon promises, claiming in the summons $300 damages.

2. That plaintiff in his declaration alleged that fire was spread and communicated from the engine and premises of the relator to the lands of the plaintiff, and burned soil, fences, trees, and grass growing and grass cut, and claimed $300 damages and cost of suit.

3. That plaintiff's bill of particulars was as follows:

a—Damages to trees........$ 50.00
b—Damages to grass cut and
      growing.............. 100.00
c—Damages to soil ......... 100.00
d—Damages to fences....... 25.00
e—Expense of looking after
      fire................. 25.00
                          ————
                          $300.00

4. That relator demurred to said declaration as not sufficient in law.

5. That said demurrer was overruled, and judgment rendered for the plaintiff for $300 damages, and costs of suit.

6. That relator took a special appeal from said judgment; that the objections set up as the grounds of such special appeal were:

a—That the form of the action as set forth in the summons and declaration is *assumpsit*.

b—That the only damages claimed are on account of the destruction of and injury to certain property by fire, and expenses incurred in looking after the fire; that the allegations in the declaration set forth a cause of action for which an action on the case or of trespass on the case would lie.

c—That the case thus set forth is one in which it is not competent to waive the tort and sue in *assumpsit*.

d—That a considerable part of plaintiff's demand and of the damages awarded to him is for grass cut and for fences and for the expense of looking after the fire, and for these matters it is not competent to waive the tort and sue in *assumpsit*.

e—That plaintiff's demand comprises several distinct items, for part of which at least the tort cannot be waived and *assumpsit* brought, and it is not competent to join in one action said several classes of items.

7. That on March 3, 1896, the case was heard upon the issue of law joined therein upon said special appeal, and the same was overruled and disallowed, with costs against relator, and relator was given 20 days in which to plead to the declaration.

[For cases bearing upon the proper construction of How. Stat. §§ 6999, 7009, which provide for a special appeal from a justice's judgment, etc., see *Stevens v. Harris*, 99 Mich. 230, and note. EDITOR.]